UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALICIA LUTSUK,<br><br>            Plaintiff,<br><br>     v.<br><br>FEDERAL BUREAU INVESTIGATIONS SACRAMENTO,<br><br>            Defendant. | Case No.  2:25-cv-1899-DC-JDP (PS)<br><br>ORDER; FINDINGS AND RECOMMENDATIONS |

Plaintiff brings this action against the Sacramento Office of the Federal Bureau of Investigations. The complaint's allegations are frivolous and fail to state a claim. I recommend that plaintiff's complaint be dismissed without leave to amend. I will grant plaintiff's application to proceed *in forma pauperis*, which makes the showing required by 28 U.S.C. §§ 1915(a)(1) and (2).[1]

---

[1] Plaintiff also seeks authorization to electronically file documents. ECF No. 3. Generally, "any person appearing pro se may not utilize electronic filing except with permission of the assigned Judge or Magistrate Judge." E.D. Cal. L.R. 133(b)(2). "Requests to use paper or electronic filing as exceptions from these Rules shall be submitted as stipulations as provided in L.R. 143 or, if a stipulation cannot be had, as written motions setting out an explanation of reasons for the exception." E.D. Cal. L.R. 133(b)(3). Plaintiff's motion does not demonstrate good cause to depart from the normal filing procedure for unrepresented litigants. The motion is denied.

1

**Screening and Pleading Requirements**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

The complaint's allegations are incoherent. Plaintiff alleges several times that she suffered from some sort of psychosis based on the actions of the FBI on April 15, 2028. ECF No. at 5-7. She also alleges that the FBI is in breach of the First, Fourth, Fifth, and Eighth Amendments "by 'deny[ing]' freedom of speech in the situation that people should hurt one

2

1 another, therefore I voice my own right to say that is not okay.  Therefore, the Defendant was
2 embodied into a psychosis.  Lastly, 'neither slavery nor involuntary servitude' shall be applied
3 upon a body that is deemed unpunishable when no crime has been committed." *Id.* at 6.  The
4 complaint includes eight bullet points under the heading "claims" that have no apparent relation
5 to one another or, in some cases, to plaintiff. *See id.* at 7 ("1. There was a forest fire in Redding,
6 CA in 2018 where an individual stalked the Plaintiff.  2. There were seven girls who were
7 murdered for jogging because of Free Will.  The crime goer was seeking fulfillment from this
8 action.  Location USA.  3. I was almost abducted once, this is when I first dropped out of school
9 in October of 2021 in Sacramento. CA.  4. There were eight girls murdered for fun.  One of which
10 was not me in California. . . .").

11       The complaint fails to state a claim; it does not specify how defendant engaged in
12 wrongful actions.  A complaint must identify each of the defendant's actions that support a
13 plaintiff's claims. *See Jones v. Cmty. Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984) ("The
14 plaintiff must allege with at least some degree of particularity overt acts which defendants
15 engaged in that support the plaintiff's claim.").  The complaint does not, as Rule 8 requires, put
16 defendant on notice of the specific claims against it.  For example, the complaint alleges that
17 plaintiff suffers from a psychosis but does not state what defendant did to cause her psychosis.

18       Apart from plaintiff's failure to state a claim, his complaint is frivolous in that it lacks
19 even "an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (holding
20 that a complaint is frivolous if its "factual contentions are clearly baseless," "fantastic," or
21 "delusional").  The complaint should therefore be dismissed without leave to amend. *See Lopez*
22 *v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("Under Ninth Circuit case law, district courts are
23 only required to grant leave to amend if a complaint can possibly be saved.  Courts are not
24 required to grant leave to amend if a complaint lacks merit entirely.").

25       Accordingly, it is hereby ORDERED that:
26       1. Plaintiff's motion to proceed *in forma pauperis*, ECF No. 2, is GRANTED.
27       2. Plaintiff's motion for authorization to electronically file, ECF No. 3, is DENIED.
28

Further, it is RECOMMENDED that:

1. Plaintiff's complaint, ECF No. 1, be DISMISSED without leave to amend.

2. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. See *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   July 30, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

4